Kevin P. Simmons
Steven D. Jannace
Sal F. DeLucaΔ
Allison C. Leibowitz
Stacey Ramis Nigro

Daniel P. Borbet
Katherine R. Cutrone
Irina Feferman*
Ian E. Hannon
Sally Kassim-Schaefer
Michael C. Lamendola*
Aric H. Peymann
Daniel J. Solinsky

# SIMMONS JANNACE DELUCA, LLP
### ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Counsel

Susan B. Jannace
Ross M. ChinitzΔ

*Also Admitted NJ
ΔAlso Admitted CT

October 9, 2020

**Via ECF**
Honorable Magistrate Judge Steven Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    Santos, de Paulino v. Target Corporation, et al.
             Docket No.: 20-cv-03506 (JS) (ST)

Dear Hon. Magistrate Judge Tiscione:

       This office represents defendants, Target Corporation ("Target") and Elias Properties Valley Stream 500 Sunrise, LLC ("Elias") in the above-referenced matter. Please allow this correspondence to serve as defendants' motion for a protective order permitting defendants to withhold exchanging a copy of video footage and LOD Investigation Report, until after plaintiff's deposition.

       There are significant discrepancies between how plaintiff alleges the accident occurred and what is depicted in the store video. On October 8, 2020, defendants received plaintiff's Response to Interrogatories. Plaintiff alleges, *inter alia*, that on July 22, 2019 a part of the ceiling collapsed and struck plaintiff's "lower back area and legs/ankles." See ¶¶ 5 – 7 of plaintiff's Interrogatories, annexed hereto as **Ex. "A."** Likewise, in plaintiff's Complaint, she alleges that, while inside the Target store, "a part of the ceiling fell and came in contact with the body of the plaintiff." See ¶ 51 of plaintiff's Complaint, annexed hereto as **Ex. "B."** On July 24, 2019, plaintiff treated with Northwell Health Long Island Jewish Hospital, claiming she injured her back, both shoulders and feet when a "ceiling panel fel[l] on [plaintiff's] lower back and left ankle." A copy of this record is annexed hereto as **Ex. "C."** Plaintiff also treated with Premier Physical Medicine and Rehabilitation, P.C. on August 2, 2019, claiming that she was injured when "a part of the store's roof fell on top of her lower back." A copy of this record is annexed hereto as **Ex. "D."**

       However, the allegations contained in plaintiff's Interrogatories, Complaint and medical records are at complete odds with what is depicted in the store video, thus warranting

withholding the video in order to preserve its impeachment value. Likewise, Target seeks to withhold a copy of the LOD Investigation Report, which contained the Leader On Duty's review and observations of what is depicted in the video. A defendant establishes a good faith basis to withhold video until after plaintiff's deposition where the accounts contained in plaintiff's Complaint and/or discovery responses are at odds with what is depicted in the video. See Gormley v. Target Brands, Inc. et al., 19-CV-07214, (E.D.N.Y. June 23, 2020) (order permitting defendant to withhold exchanging video and photographs of the accident location until after plaintiff's deposition in order to preserve the evidence's impeachment value) (annexed as **Ex. "E"**); Quintero v. Costco Wholesale Corporation, 18-CV-01292, Doc. No. 11 (E.D.N.Y. June 19, 2018) (annexed hereto as **Ex. "F"**) (defendant may be permitted to withhold video and photographs until after plaintiff's deposition, where the accounts contained in plaintiff's Complaint and discovery responses are at odds with the video and photographs); Miller v. The Cheesecake Factory Restaurant, Inc., 17-CV-02500, Doc No. 18 (E.D.N.Y. April 4, 2018) (annexed hereto as **Ex. "G"**) (defendant is permitted to withhold video evidence and manager's incident report in order to prevent plaintiff from tailoring her testimony, and preserving its value as impeachment evidence); see also Fallica-Risteff v. Target, 16-CV-4195, Doc. No. 15 (E.D.N.Y. October 14, 2016) (annexed hereto as **Ex. "H"**); Lang v. Wal-Mart Stores, Inc., et al., 15-CV-2528, Doc. No. 20, at 3 (E.D.N.Y. July 17, 2015) (annexed hereto as **Ex. "I"**); Caruso v. Target, 12-CV-022341, Doc. No. 29, at 1 (E.D.N.Y. May 22, 2013) (annexed hereto as **Ex. "J"**); Poppo v. Aon Risk Servs., 00-CV-4165, 2000 U.S. Dist. LEXIS 17588 at *2 (S.D.N.Y. Dec. 6, 2000) (annexed hereto as **Ex. "K"**).

In Gordon v. Target Corporation, 318 F.R.D. 242 (E.D.N.Y., Dec. 5, 2016), the court held that a defendant is entitled to a protective order upon showing good cause, by setting forth "particular and specific facts" that plaintiff may tailor testimony in the event the video is produced. Id. at 245. Here, defendants have sufficient good cause to delay exchanging a copy of the video and LOD Investigation Report until after plaintiff's deposition as plaintiff's allegations contained in plaintiff's Complaint and medical records are directly at odds with the video footage. Under similar circumstances, defendant was entitled to a protective order after demonstrating plaintiff's allegations conflicted with what was depicted in defendant's video. In Valenza v. Target Corp., 18-CV-7375 (February 6, 2019) (annexed as **Exhibit "L"**), after conducting an in camera review of defendant's video, the court found that plaintiff's description of her accident contained in her Complaint and discovery reposes, conflicted with what was depicted in the video and the value of the video as impeachment evidence outweighed its value to plaintiff. Id. Indeed, the court considered the Gordon opinion, and found that consistent with the Gordon decision, where allegations contained in plaintiff's discovery responses and complaint are at odds with the video, good cause exists to withhold video evidence. Id.

Accordingly, defendants should be entitled to fully explore the credibility issues raised by these discrepancies at plaintiff's deposition without plaintiff having the benefit of reviewing the

video footage and notes contained on the LOD Investigation Report about the video. See Gormley, supra; Quintero, supra; Miller, supra;

Defendants respectfully submit that based on the foregoing, it is entitled to a protective order permitting defendants to withhold exchanging the video footage and LOD Investigation Report until after plaintiff's deposition. In the alternative, defendants request leave to file under seal copies of the video and LOD Investigation Report, along arguments setting forth the specific discrepancies. An in camera review would allow defendants to make the requisite showing that the evidence must be withheld until after plaintiff's deposition, without simultaneously eliminating the impeachment value sought to be preserved. See Gormley, supra (video and photographs submitted for in camera review to protect their value as impeachment evidence); see also Weinhold v. Witte Heavy Lift, Inc., 1994 U.S. Dist. LEXIS 4559 (S.D.N.Y. 1994) (surveillance reports and logs submitted for in camera review).

Thank you for the opportunity to address the Court in this matter.

Respectfully submitted,

Ian E. Hannon (ih-1464)

VIA ECF

cc: Elliot Ifraimoff & Associates, P.C.
Attorneys for Plaintiff
118-35 Queens Blvd., Suite 1250
Forest Hills, New York 11375
(718) 205-1010