

# ELLIOT IFRAIMOFF & ASSOCIATES, P.C.

118-35 QUEENS BLVD., SUITE 1250
FOREST HILLS, NEW YORK 11375
PHONE (718) 205-1010 FAX (718) 205-2066
(888) ASK-ELLIOT
WWW.ASKELLIOT.COM

ELLIOT IFRAIMOFF
LAURA DE LOS RIOS
RACHEL R. ARONOV

DMITRIY SHULMAN
STEPHEN Z. WILLIAMSON *
OF COUNSEL

October 15, 2020

Via ECF

Honorable Magistrate Judge Steven Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Santos v. Target et.al
Docket Number: 20-CV-03506**

Dear Hon. Magistrate Judge Tiscione:

This office represents plaintiff, Gloria Santos with respect to her accident which took place on July 22, 2019. Please, allow this correspondence to serve as plaintiff's response to defendants' motion for a protective order permitting defendants to withhold exchanging a copy of the video footage and a copy of the investigation report until plaintiff's deposition.

Prior to commencing the within litigation, our office sent a request for preservation of any videos to Target directly. (See Exhibit "A") Thereafter, litigation was commenced in the Supreme Court, Queens County. Subsequently, this matter was removed to this Court. After the removal, we demanded from the Defendants a working copy of any videotapes of the within accident. Defendants made the within motion for a protective order claiming that they intend to use the video recording to impeach the plaintiff.

Pursuant to FRCP 26(a)(1)(A)(ii), unless the video is going to be used for "impeachment," it must be exchanged. Furthermore, pursuant to FRCP 26(c)(1), it is incumbent upon the party opposing said disclosure to move for a protective order and show "good cause" why the discovery should be disallowed. See also, Costa v. AFGO Mechanical Services, Inc., 237 F.R.D. 21 (U.S.D.C., Eastern District, 2006) ("Under Rule 26(c)(2), a party seeking to delay discovery ... until after a deposition may seek a protective order from the court, but that party may not independently withhold production without court authorization.")

\* *Life Member Million Dollar Advocates Forum*
*The Top Trial Lawyers in America*

It is our position that defense counsel failed to make a showing that a "good cause" exists. Even though defense counsel makes a claim that video recording is different from plaintiff's version of the accident, it is not clear if, in fact, video recording is materially different from the plaintiff's version of the accident. If defendants intend to use potential minor discrepancies between the events leading to the accident and plaintiff's recollection of the same for impeachment purposes, same should not be allowed. If the events depicted on the video are materially different from plaintiff's version of the accident, other considerations stand for the proposition that video should be exchanged.

For example, there is the consideration of the waste of resources, both by the Court and counsel. If the video shows that the events from the date of the accident completely exonerate the defendants, we can avoid multiple court conferences and depositions of the parties.

Also, your affirmant's office does not want to be subject to a potential FRCP 11 sanctions hearing. As evidenced by Exhibit A, our office from the very beginning took steps to preserve the video recording of the accident. This was done due to a strong belief that the video recording will confirm plaintiff's version of the accident. However, if the video exonerates the defendants, your affirmant intends to take immediate actions to avoid any potential for violating disciplinary rule.

It is respectfully requested that, if this Court decides that a "good cause" might exist, defendants should be ordered to submit the video recording and the accident report to Court for an independent evaluation prior to the plaintiff's deposition.

Very truly yours,
Elliot Ifraimoff & Associates, P.C.

Dmitriy Shulman, Esq.

CC:

Simmons Jannace Deluca, LLP
43 Corporate Drive
Hauppauge, New York   11788